IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD C. JESSE, JR. and
SHIRLEY A. JESSE, on behalf of
NAGEL LUMBER COMPANY,
INC. GROUP MEDICAL,
PRESCRIPTION DRUG, DENTAL
AND SHORT TERM DISABILITY
BENEFITS PLAN,

                                                      ORDER

                Plaintiffs,

                                                    08-cv-400-bbc

    v.

NAGEL LUMBER COMPANY, INC.
and CATHY A. NORDINE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiffs Ronald C. Jesse, Jr. and Shirley A. Jesse, on behalf of Nagel Lumber Company Inc. Group Medical, Prescription Drug, Dental and Short Term Disability Benefits Plan, have moved under 29 U.S.C. § 1132(g)(1) for an award of attorney fees in the amount of $65,013.00 and costs of $3,019.94 incurred in the prosecution of this lawsuit. Dkt. #92. In addition, they have asked for an award of prejudgment interest on the claims of the plan members who have claims against defendants. Both motions will be granted.

1

1. <u>Attorney fees and costs</u>

Under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(g)(1), the courts have discretion to award reasonable attorney fees and costs to either party. Such awards are given routinely unless the losing party can show that it was substantially justified. The term "substantially justified" may apply to the losing party's litigation conduct or its conduct in administering the ERISA plan. In this case, plaintiffs alleged that defendants' conduct was not substantially justified, but was fraudulent in nature, necessitating litigation to protect the rights of the plan's participants. Defendants never filed a notice of appearance or took any other action to defend themselves against plaintiffs' allegations, so I take those allegations as true. Plaintiffs have demonstrated that an award of attorney fees is proper in this case.

This leaves the question of the reasonableness of the attorney fees that plaintiffs are requesting. Counsel have shown that the rate they charged is reasonable. Jeffrey Sweetland charged $250 an hour for his work before October 1, 2009, when he raised his rate to $300 an hour. William Parsons charged $205 an hour in 2008 and $215 in 2009. The firm's paralegal charged $75 an hour. As the affidavits filed by Walter Kelly and Sally Stix show, these rates are well within the range of fees billed by lawyers of similar ability and experience. Sweetland reduced by 38 hours the number of hours he and his paralegal had requested.

2

As counsel explained, the case could have been handled for less than $25,000, had the only plaintiffs been Ronald and Shirley Jesse. Adding the plan as a plaintiff increased the complexity of the suit and the amount of time necessary to complete it. It was necessary to obtain information about the plan from its third party administrator, obtain a protective order to protect the privacy of patient information, identify plan participants whose medical bills had been handled in the same way as the Jesses, obtain class certification, notify the 194 class members and beneficiaries of the litigation and then calculate data for the claims of the 24 plan participants who qualified. The attorney fees incurred up through notification amounted to $13,676.50; the fees incurred with respect to the claims procedure amounted to $27,815.00. I am satisfied that these fees were incurred necessarily in the prosecution of the case and that they are reasonable.

2. Prejudgment interest

In an order entered on February 6, 2009, dkt. #21, I granted plaintiffs' motion for an award of prejudgment interest attributable to the claims of plaintiffs Ronald G. Jesse, Jr. and Shirley A. Jesse, in the amount of $6,203.95. In their present motion, plaintiffs seek an award of prejudgment interest in the amount of $61,279.90 on the claims of the other plan members who were injured by defendants' acts from the date on which the acts took place and April 28, 2010, the date of the entry of final judgment in this case. They also seek

an additional $1,138.28 in interest that has accrued since entry of the order on February 6, 2009. The motion will be granted.

Counsel for plaintiffs has submitted an affidavit describing in detail exactly how he calculated interest on each of the claims. The method he used is a reasonable one, designed to produce an accurate result.

ORDER

IT IS ORDERED that plaintiffs Ronald C. Jesse, Jr. and Shirley A. Jesse, on behalf of Nagel Lumber Company Inc. Group Medical, Prescription Drug, Dental and Short Term Disability Benefits Plan are awarded attorney fees in the amount of $65,013.00 and costs in the amount of $3,019.94, for a total award of $68,032.94 against defendants Nagel Lumber Company, Inc. and Cathy A. Nordine. FURTHER, IT IS ORDERED that the plaintiff plan participants are awarded $61,279.90 in prejudgment interest on their claims and that plaintiffs Ronald and Shirley Jesse are awarded a total of $7,342.23 in prejudgment interest (the February 2009 award of $6,203.95 plus an additional $1,138.28 for interest

4

accrued since February 2009).

Entered this 8th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge